# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2007**

Charles R. Fulbruge III
Clerk

No. 06-60982
Summary Calendar

ANTONIUS DE LEON, also known as Toni De Leon

Petitioner

v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97-185-521

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Antonius De Leon petitions for review of the Board of Immigration Appeals' (BIA's) decision denying his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA adopted the immigration judge's findings and conclusions.

We have jurisdiction to review a determination of the timeliness of an asylum claim only if the finding implicates a constitutional claim or depends on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a question of law.  Zhu v. Gonzales, 493 F3d 588, 594-95 (5th Cir. 2007).  De Leon does not argue that the denial of his application as untimely turned on a such a claim or question.  Accordingly, the portion of De Leon's petition seeking review of the denial of his asylum application is dismissed.

With regard to the denial of withholding of removal, De Leon failed to prove his claim that he would suffer persecution because of his ethnicity or his religion if he were to be returned to Indonesia.  "[T]here is no 'persecution' absent proof that the [harm] is condoned or orchestrated by the . . . government."  Shehu v. Gonzales, 443 F.3d 435, 438 (5th Cir. 2006).  Neither of the two incidents—occurring in about 1976 and in 1998—to which De Leon pointed to demonstrate past persecution was shown to have been caused or condoned by the government of Indonesia.  Additionally, De Leon testified that he had never been tortured, had never been discriminated against in employment on account of his ethnicity or religion, and had not been prevented from practicing his Catholic faith.  The BIA's conclusion on this issue is supported by substantial evidence, and the record does not compel a contrary conclusion.  Accordingly, this portion of De Leon's petition must be denied.

Finally, De Leon's brief did not address the question whether it was error to have denied him relief under CAT.  Accordingly, we deem that issue to have been waived.  Zhu, 493 F.3d at 593 n.10.

PETITION DISMISSED IN PART AND DENIED IN PART.